37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerome JOSEPH, Plaintiff-Appellant,
v.
Leonard MYERS and Joseph Ascencio, Defendants-Appellees.
 No. 93-16970.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1994.*
Decided Oct. 7, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerome Joseph appeals pro se the district court's grant of summary judgment in favor of appellee San Jose police officers, Joseph Ascencio and Leonard Myers, in his 42 U.S.C. Sec. 1983 action.
 
 
 3
 * On September 7, 1988, San Jose Police Officers Asencio and Myers were informed by a member of the Santa Barbara County Sheriff's Office that Jerome Joseph was wanted in Santa Barbara on an outstanding arrest warrant. They also learned that he was wanted on Los Angeles and Ohio arrest warrants. Joseph was apprehended by the officers at 2:30 p.m. later that day and booked into the Santa Clara County Jail to be held pending transfer to Santa Barbara.
 
 
 4
 Three documents were completed by Officers Myers and Ascencio upon booking Joseph into the jail. The officers explicitly referred to Cal.Penal Code Sec. 1551.1 and the Ohio warrant as forming the basis of Joseph's San Jose arrest in the "Affidavit re Probable Cause and Bail Setting." In contrast, Officer Ascencio noted in the "Crime Report" that the arrest was based on out-of-state and out-of-county warrants, and both officers referred to all three warrants in the "Pre-Booking Information Sheet."
 
 
 5
 The booking process was completed at 4:10 p.m., and Joseph was left in the custody of the jail. On September 9, 1988, at 8:30 a.m., two officers from Santa Barbara arrived at the jail and transported Joseph to Santa Barbara, where he was arraigned on theft charges. Joseph eventually worked out a plea arrangement with authorities in the three jurisdictions.
 
 
 6
 On November 1, 1989, Joseph brought suit under 42 U.S.C. Sec. 1983 against Officers Myers and Asencio contending that his civil rights were denied by their failure to take him before a magistrate in San Jose as he had requested. On September 22, 1993, Joseph's motion for partial summary judgment was denied, and the appellees' cross motion for summary judgment was granted. Joseph timely appeals. Having jurisdiction under 28 U.S.C. Sec. 1291, we affirm.
 
 II
 
 7
 We review de novo the district court's decision to grant a motion for summary judgment. Ferguson v. Greater Pocatello Chamber of Commerce, Inc., 848 F.2d 976, 979 (9th Cir.1988). "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Id. (citations omitted).
 
 III
 
 8
 Joseph contends that he should have been brought before a magistrate in San Jose for a probable cause and bail hearing in accordance with Cal.Penal Code Sec. 1551.1.
 
 
 9
 Sec. 1551.1 permits an officer to make a warrantless arrest of an individual on the basis of reasonable information and further provides that an individual arrested under the section "be taken before a magistrate with all practicable speed." Cal.Penal Code Sec. 1551.1 (West 1994).
 
 
 10
 Joseph's reliance on Sec. 1551.1 is misplaced. Sec. 1551.1 does not apply to Joseph whose arrest was based on not one but three separate warrants. Joseph has presented no information on appeal which disputes the existence of the warrants. Summary judgment was proper where there is no genuine issue of material fact regarding the existence of the warrants.
 
 IV
 
 11
 Joseph contends that the district court erred in requiring him to "negate the claims of the defendants."
 
 
 12
 When a properly supported motion for summary judgment is made, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading ... [he] must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Joseph was not required to negate the officers' claims but was required to demonstrate that there was a genuine issue at trial. As previously discussed, Joseph failed to present any information on appeal which disputes the existence of the warrants. Summary judgment was appropriate in this case where Joseph failed to demonstrate that there was a genuine issue for trial.
 
 V
 
 13
 Joseph contends that the district court erred in considering Officer Asencio's declaration in opposition to summary judgment because required documentation was not appended to it. We decline to address Joseph's claim which was not raised in the district court. No exceptional circumstance exists to excuse his failure to raise this claim in the district court. "[A]bsent exceptional circumstances, an issue not raised below will not be considered on appeal." United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3